IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EVANGELOS PAGONIS, PRO SE, § <br> also known as ANGELOS PAGONIS, § <br> TDCJ-CID No. 1626253, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SAN ANTONIO POLICE DEPARTMENT § <br> CHIEF OF POLICE, ET AL., § <br> § <br> Defendants. § | 2:13-CV-0023 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff EVANGELOS PAGONIS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims defendants have violated his "rights under the Vienna Convention Art. 36 on Consular Relations" and his Fourteenth Amendment Due Process rights by failing "to notify [plaintiff's] Consulate or Embassy."

As relief, plaintiff requests:

> Reverse and Remand. And monetary Damages and all other Damages that a Jury will award.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's requested relief of "Reverse and Remand" is vague. The Court assumes plaintiff means that he wants his criminal conviction reversed and remanded to the state court for another trial. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Boyd v. Biggers*, 31 F3d 279, 283 n.4 (5th Cir. 1994). Therefore, by this request, plaintiff has failed to state a claim on which relief can be granted.

Plaintiff also requests monetary relief.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff says his rights were violated by local law enforcement and by immigration agents upon serving the notice to appear on June 24, 2010. He also appears to sue his attorney, claiming "[f]ailure to advise of consulate access to his client as lying on his depositon " Plaintiff further claims the Classification officers at various TDCJ-CID units have also failed to make proper notification to the Consulate of his country.

As explained by the Fifth Circuit:

> The Vienna Convention is a 79-article, multilateral treaty negotiated in 1963 and ratified by the United States in 1986. [citation omitted]. . . . The treaty governs 'the establishment of consular relations, [and] defin[es] a consulate's functions in a receiving nation.' [citation omitted.]

*United States v. Jimenez-Nava*, 243 F.3d 192, 195 (5th Cir. 2001).

Only Article 36 appears to deal with individual non-consular officials. In relevant part, Article 36 provides:

> 1. With a view to facilitating the exercise of consular functions relation to nationals of the sending States:
> . . .
> (b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph;

"Treaties are contracts between or among independent nations." *Id.* (citing *United States v. Zabaneh*, 837 F.2d 1249, 1261 (5th Cir. 1988)). As a general rule, treaties do not create rights that are enforceable in the courts. *Id.* [citing *United States v. Li*, 206 F.3d 56, 60 (1st Cir. 2000). Individuals do not have standing to challenge violations of international treaties in the absence of

a protest by the sovereigns involved. *United States v. Jimenez-Nava*, 243 F.3d at 195. Treaties do not generally create rights that are enforceable in the courts.

Examining the issue of whether the Vienna Convention confers an enforceable individual right, the Fifth Circuit has concluded the consular notification provisions of the Vienna Convention do not bestow on foreign nationals any private, judicially-enforceable right to consult with consular officials following arrest. *United States v. Jimenez-Nava*, 243 F.3d at 196-197.

Further, in light of *Medellin v. Texas*, 552 U.S. 491, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008), it does not appear Article 36 of the Vienna Convention is binding domestic law.

Plaintiff is attempting to claim a constitutional right which does not exist. Plaintiff's claim lacks an arguable basis in law and is, therefore, frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A(b)(1) and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff EVANGELOS PAGONIS is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission,

or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the _____2nd_____ day of April, 2013.

MARY LOU ROBINSON
United States District Judge